IN THE SUPREME COURT OF NORTH CAROLINA

No. 101PA25

Filed 14 August 2026

STATE OF NORTH CAROLINA

v.

DUSTIN J. MARTINEZ


On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review a unanimous order of the Court of Appeals, No. P24-254 (N.C. Ct. App. Mar. 31, 2025) (order), allowing defendant's petition for writ of certiorari to review judgments entered on 18 February 2021 by Judge Craig Croom in Superior Court, Wilson County.  Heard in the Supreme Court 16 April 2026.

*Jeff Jackson, Attorney General, by Caden William Hayes, Assistant Attorney General, and Benjamin Szany, Special Deputy Attorney General, for the State.*

*North Carolina Prisoner Legal Services, by Kristen L. Todd, for defendant.*

*The Law Office of Christopher J. Heaney, PLLC, by Christopher J. Heaney, for Advocates for Justice, and Ivy Johnson, for American Civil Liberties Union of North Carolina Legal Foundation, amici curiae.*

BERGER, Justice.

North Carolina's appellate courts must apply a two-part test when determining whether a writ of certiorari should issue.  *Cryan v. Nat'l Council of YMCAs*, 384 N.C. 569 (2023).  This straightforward test "examines (1) the likelihood that the case has merit or that error was committed below and (2) whether there are extraordinary circumstances that justify issuing the writ."  *Id.* at 570.  Here,

defendant filed a petition for writ of certiorari with the Court of Appeals alleging that his counsel's deficient performance caused him to lose his right to direct appeal to that court. A panel below determined that *Cryan* was met and issued a writ of certiorari in its discretion. We affirm.

## I.    Factual and Procedural Background

In October 2019, defendant was indicted for felony larceny and two counts of burglary. Attorney Christopher Lusby was appointed to represent defendant, and in February 2021, defendant was convicted of first-degree burglary and sentenced in the aggravated range to 96 to 128 months in prison.

Following sentencing, defendant failed to timely file a notice of appeal but thereafter filed a petition for writ of certiorari at the Court of Appeals. According to Mr. Lusby's sworn affidavit attached thereto, while defendant was being escorted by the bailiff from the courtroom due to his "overt reaction to the conviction," defendant said aloud, "[T]his isn't right, I'm going to take it up, I'm going to take it up." Mr. Lusby "understood [defendant] to mean he wanted to enter a direct appeal." Nevertheless, Mr. Lusby did not enter an oral notice of appeal at that time because he "believed [he] was going to have a chance to talk with [defendant] prior to the bailiffs taking [defendant] out of the back hallway of the courtroom into the jailed section below the courthouse." But defendant "was directly escorted into the jailed section" and Mr. Lusby did not speak with him. Mr. Lusby admits he "did not discuss [defendant's] desire to appeal with [defendant] directly, or explain appeals to

[defendant] directly."

On 15 April 2024, North Carolina Prisoner Legal Services filed a petition for writ of certiorari on defendant's behalf in the Court of Appeals seeking a belated appeal because defendant's right to direct appeal was lost by Mr. Lusby's failure to take timely action to perfect the appeal. The Court of Appeals entered an order dismissing the petition "without prejudice to petitioner's right to refile a petition for writ of certiorari with [the Court of Appeals] that includes any issues of potential merit petitioner believes would be raised on appeal."

Defendant refiled his petition for writ of certiorari in November 2024, and in addition to arguing that Mr. Lusby rendered ineffective assistance of counsel, defendant also argued that he was prejudiced by counsel's failure to perfect the appeal. According to defendant, he was not required to brief issues of potential merit because *Garza v. Idaho*, 586 U.S. 232 (2019), requires that prejudice be presumed in these circumstances. The Court of Appeals allowed defendant's petition and remanded the matter to superior court to hold a hearing to determine whether defendant was entitled to appointment of counsel and a copy of the trial transcript at the State's expense.

The State thereafter filed a petition for writ of certiorari with this Court to review the order of the Court of Appeals allowing defendant's petition. The State argued the panel below erred by (1) allowing defendant's petition after the initial panel dismissed without prejudice, in violation of *North Carolina National Bank v.*

*Virginia Carolina Builders*, 307 N.C. 563, 566–67 (1983), and (2) failing to properly apply the standard for granting certiorari articulated in *Cryan*, 384 N.C. 569. We granted certiorari, and based upon precedent from this Court, we affirm, reinforcing that the test articulated in *Cryan* is applicable to all petitions for writ of certiorari, including those advanced by parties in criminal cases.

## II. Discussion

"We review the Court of Appeals' decision to allow a petition for writ of certiorari . . . for an abuse of discretion." *State v. Ricks*, 378 N.C. 737, 740 (2021). An abuse of discretion occurs when the court below made "[a]n error of law," *Slattery v. Appy City, LLC*, 385 N.C. 726, 729 (2024), or when the decision "was manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision," *Cryan*, 384 N.C. at 573 (cleaned up).

The State makes two arguments on appeal. First, the State contends the second panel at the Court of Appeals impermissibly overruled the first in violation of *Virginia Carolina Builders*. Second, the State asserts that even if the second panel did not overrule the first, the second panel abused its discretion by failing to apply *Cryan*. We address each argument in turn.

## A. *Virginia Carolina Builders*

It is well-established "that once a panel of the Court of Appeals has decided a question in a given case that decision becomes the law of the case and governs other panels which may thereafter consider the case." *Virginia Carolina Builders*, 307 N.C.

at 567. "[S]ince the power of one panel of the Court of Appeals is equal to and coordinate with that of another, a succeeding panel of that court has no power to review the decision of another panel on the same question in the same case." *Id.* This determination is often straightforward, but these types of inquiries can be nuanced. To determine whether one panel has overruled another, "the Court will examine the effect of the subsequent decision, rather than whether the term 'overrule' was actually employed." *In re Civil Penalty*, 324 N.C. 373, 384 (1989).

In *Virginia Carolina Builders*, the plaintiff sought to appeal a nonappealable interlocutory order—namely, the trial court's order setting aside default judgment. *Virgina Carolina Builders*, 307 N.C. at 565. Although plaintiff did not have an appeal of right because the order was interlocutory, plaintiff filed a notice of appeal at the Court of Appeals. *Id.* Plaintiff also petitioned the court for a writ of certiorari, which was denied. *Id.* Following the denial, plaintiff filed a record on appeal pursuant to its prior notice of appeal, and the defendant moved to dismiss the appeal because the order was nonappealable. *Id.*

A different panel at the Court of Appeals ignored the procedural defect to reach what it characterized as a "serious error regarding a matter of great importance" contained in the trial court's order. *Id.* To do so, the panel exercised its "discretion" to treat the notice of appeal like a petition for writ of certiorari and allowed review. *Id.* This Court reversed, reasoning that

> [t]he first panel determined in its discretion not to review
> the case. Later, the second panel determined to exercise

its discretion in favor of review. Thus, on the question of reviewability, the second panel of the Court of Appeals in effect overruled the first.

Although we have never considered the question, well-established analogies in our law lead us to conclude that the second panel of the Court of Appeals was without authority to overrule the first on the same question in the same case. Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case.

*Id.* at 566. In such circumstances, the petitioning party should instead file a motion for rehearing or seek review by a higher court.

Here, the State argues that the second panel of the Court of Appeals violated *Virginia Carolina Builders* by allowing defendant's petition "[w]hen presented with the same arguments and evidence" that the initial panel "rejected." But contrary to the State's assertion and unlike in *Virgina Carolina Builders*, the initial panel here did not "reject" defendant's petition. Instead, it dismissed the petition without prejudice, giving defendant explicit license to refile. Further, defendant's second petition contained additional argument and law which the second panel was permitted to consider in its discretion. We therefore reject the State's argument that the second panel of the Court of Appeals here overruled the prior panel.

## B. Application of *Cryan*

This Court has repeatedly affirmed that "[t]o issue a writ of certiorari, we require petitioners to 'show merit or that error was probably committed below' and 'extraordinary circumstances.' " *State v. Mincey*, 929 S.E.2d 582, 588 (N.C. 2026)

(quoting *Cryan*, 384 N.C. at 572). Despite this clear directive, our Court of Appeals has failed to consistently apply this standard in criminal cases. For example, as the State aptly notes in its primary brief to this Court, "three different panels at the Court of Appeals applied three different standards for certiorari in published opinions *on the same day*."[1] While decisions to allow or deny certiorari have no precedential value, *see Jenkins v. Aetna Cas. & Sur. Co.*, 324 N.C. 394, 400 (1989), the standard reviewing courts employ must remain consistent.

"Certiorari is a discretionary writ, to be issued only for good or sufficient cause shown, and it is not one to which the moving party is entitled as a matter of right." *Womble v. Moncure Mill & Gin Co.*, 194 N.C. 577, 579 (1927). The writ of certiorari is one of the "prerogative writs" that the Court of Appeals may issue "in aid of its own jurisdiction." N.C.G.S. § 7A-32(c) (2025). However, the authorizing statute does not provide any criteria for the Court of Appeals' use of this prerogative writ. *See id.* ("The practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law."). Thus, the appropriate legal test is a question of law governed by

---

[1] *State v. Hannah*, 299 N.C. App. 266, 271–72 (2025) (explaining that *Cryan* "articulated a two-factor test which provides a mandatory framework for how and when to properly exercise our discretion to issue writs of certiorari"); *State v. Gardner*, 299 N.C. App. 251, 254 (2025) ("In short, *Cryan* simply reaffirms our discretion to allow petitions for writ of certiorari in appropriate cases—the scope of which is guided by our precedent and our understanding of the equitable concerns in each case."); *State v. Owens*, 299 N.C. App. 290, 296 (2025) (allowing certiorari when a defendant "demonstrated a good faith effort to appeal his case").

case law from this Court. *See State v. Ledbetter*, 371 N.C. 192, 196–97 (2018).

We have established a two-part test.

> First, a writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below. This step weighs the likelihood that there was some error of law in the case.
>
> Second, a writ of certiorari should issue only if there are extraordinary circumstances to justify it. We require extraordinary circumstances because a writ of certiorari is not intended as a substitute for a notice of appeal. If courts issued writs of certiorari solely on the showing of some error below, it would render meaningless the rules governing the time and manner of noticing appeals.
>
> There is no fixed list of 'extraordinary circumstances' that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or wide-reaching issues of justice and liberty at stake.

*Id.* at 572–73 (cleaned up).

While certiorari is a "discretionary writ," *see Womble*, 194 N.C. at 579, we emphasize that *Cryan's* two-part test must be satisfied. The failure to apply *Cryan* is "[a]n error of law [that] constitutes an abuse of discretion." *Slattery*, 385 N.C. at 729. But when *Cryan* is satisfied, a reviewing court may grant or deny certiorari in its discretion.

With this framework in mind, we turn to the crux of the present appeal; specifically, whether defendant's petition satisfied *Cryan* such that the panel below was within its discretion to grant certiorari. First, we note that defendant's petition established merit or probable error below. Mr. Lusby's affidavit, which was filed

along with defendant's petition, acknowledged that he understood defendant wanted to enter notice of appeal but he nonetheless failed to speak with defendant or otherwise take the steps necessary to appeal defendant's case. When an attorney fails to timely enter notice of appeal for a client who wishes to do so, as defendant's counsel admitted under oath, his or her performance is necessarily deficient. *Garza*, 586 U.S. at 243–44 ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim[.]" (cleaned up)). The panel below was within its discretion to find merit or probable error on this record.

The State argues that Mr. Lusby's affidavit is insufficient because it is not part of the "objective 'cold record' that *Fair* and its progeny contemplate." But establishing ineffective assistance of counsel and establishing probable error are distinct inquiries. For the latter, a trial counsel's sworn affidavit may certainly aid the "merit or probable error" inquiry, even if such evidence, standing alone, is insufficient to conclusively establish ineffective assistance of counsel on appeal. In such cases, the reviewing court can and should dismiss the claim without prejudice to defendant's right to file an MAR so that an evidentiary hearing may be held. *See State v. Fair*, 354 N.C. 131, 167 (2001) ("[S]hould the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding.").

Similarly, the panel below did not abuse its discretion by determining that defendant also showed extraordinary circumstances. Defendant alleged the loss of his right to direct appeal due to the constitutionally deficient performance of his counsel. As with the probable error discussed above, issuance of the writ based upon an allegation of extraordinary circumstances does not necessarily equate to success on appeal.

### III.    Conclusion

"Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Cryan*, 384 N.C. at 573. Based upon the foregoing, we cannot say the decision to allow certiorari under these circumstances was manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision and, we affirm.

AFFIRMED.